Board of Mgrs. on Behalf of the Unit Owners of the 322 W. 57th St. Condominium v Leardon Boiler Works, Inc. (2019 NY Slip Op 08776)





Board of Mgrs. on Behalf of the Unit Owners of the 322 W. 57th St. Condominium v Leardon Boiler Works, Inc.


2019 NY Slip Op 08776


Decided on December 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2019

Richter, J.P., Gische, Webber, Gesmer, JJ.


10502 150762/14

[*1] The Board of Managers on Behalf of the Unit Owners of the 322 West 57th Street Condominium, Plaintiff-Respondent,
v
Leardon Boiler Works, Inc., et al., Defendants-Appellants, Rose Associates, Inc., et al., Defendants.


Rawle & Henderson LLP, New York (Sylvia E. Lee of counsel), for appellants.
Asner LLC, New York (Karen M. Asner of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered June 18, 2018, which, to the extent appealed from as limited by the briefs, denied defendants Leardon Boiler Works, Inc. and Rite Way Tank Maintenance Corp.'s motion to vacate a prior order imposing an adverse inference sanction against Leardon Boiler Works, Inc., and expanding the prior order to impose the same sanction against Rite Way Tank Maintenance Corp., unanimously affirmed, without costs.
A determination of sanctions pursuant to CPLR 3126 lies in the trial court's discretion, and defendants failed to show that the trial court abused its discretion in ordering an adverse inference instruction against them at trial (CPLR 3126; Husovic v Structure Tone, Inc., 171 AD3d 559, 560 [1st Dept 2019]). The fact that the documents requested by plaintiff may have been produced by other parties does not excuse defendants' failure to produce them.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 5, 2019
CLERK